1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     CHRISTIAN DAVID ENTO,                       No.  2:23-CV-2006-DMC-P

12              Plaintiff,

13          v.                                      ORDER

14     STATE OF CALIFORNIA,

15              Defendant.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18     42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20     against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21     § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22     initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23     Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24     portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25     be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26     28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27     complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28     entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

                                                     1

1    concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2    Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3    of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4    1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5    overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6    to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7    required by law when the allegations are vague and conclusory.

8         In this case, Plaintiff names as the only defendant the State of California.  See ECF

9    No. 1.  Plaintiff alleges that "employees of the State" physically and verbally assaulted him.  See

10    id. at 3.  For the reasons discussed below, Plaintiff's complaint is deficient.

11         First, Plaintiff cannot proceed against the State of California.  The Eleventh

12    Amendment prohibits federal courts from hearing suits brought against a state both by its own

13    citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop.,

14    951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves,

15    and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)

16    (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

17         Second, to the extent Plaintiff intends to pursue this action against individual state

18    employees, Plaintiff has failed to allege facts to link any such individual to a constitutional

19    violation.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection

20    or link between the actions of the named defendants and the alleged deprivations.  See Monell v.

21    Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person

22    'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

23    does an affirmative act, participates in another's affirmative acts, or omits to perform an act which

24    he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

25    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the

26    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

27    Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to

28    each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.

1 | Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff will be provided an opportunity to amend

2 | his complaint to name individuals and allege facts linking any named individuals to a

3 | constitutional violation.

4 |      Because it is possible that some of the deficiencies identified in this order may be

5 | cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the

6 | entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff

7 | is informed that, as a general rule, an amended complaint supersedes the original complaint.  See

8 | Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

9 | amend, all claims alleged in the original complaint which are not alleged in the amended

10 | complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

11 | Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

12 | Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

13 | complete in itself without reference to any prior pleading.  See id.

14 |      If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

15 | conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

16 | Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

17 | each named defendant is involved, and must set forth some affirmative link or connection

18 | between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

19 | 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20 |      Because some of the defects identified in this order cannot be cured by

21 | amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now

22 | has the following choices: (1) Plaintiff may file an amended complaint which does not allege the

23 | claims identified herein as incurable, in which case such claims will be deemed abandoned and

24 | the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which

25 | continues to allege claims identified as incurable, in which case the Court will issue findings and

26 | recommendations that such claims be dismissed from this action, as well as such other orders

27 | and/or findings and recommendations as may be necessary to address the remaining claims.

28 | / / /

3

1        Finally, Plaintiff is warned that failure to file an amended complaint within the

2   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

4   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

5   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6        Accordingly, IT IS HEREBY ORDERED that:

7        1.    Plaintiff's complaint is dismissed with leave to amend; and

8        2.    Plaintiff shall file a first amended complaint within 30 days of the date of

9   service of this order.

10

11   Dated:  January 9, 2024

12                                      DENNIS M. COTA
                                        UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28